UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MARCELLA MCCANN STANTON                                                        PLAINTIFF

VERSUS                                                    CIVIL ACTION NO. 1:12CV261-RHW

FOOD GIANT SUPERMARKETS, INC.                                                DEFENDANT

### ORDER DENYING MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant Food Giant Supermarkets, Inc's (Food Giant) [46] Motion for Summary Judgment. In her complaint, Plaintiff Marcella McCann Stanton alleges that on July 22, 2009, while shopping at Defendant's Piggly Wiggly store in Escatawpa, Mississippi, she slipped and fell on water or some other foreign substance on the floor of the store. As a result of the fall, she alleges various injuries.

Food Giant argues that it is entitled to summary judgment because there is no admissible evidence that it created, or had prior actual knowledge of a dangerous condition that caused Plaintiff's fall. Even if Defendant had notice of a dangerous condition, it argues that there is no evidence that it had a sufficient and reasonable time to correct the dangerous condition, yet failed to do so.

Fed. R. Civ. P. 56(a) provides that summary judgment is appropriate "[i]f the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

In reviewing the evidence, the court makes all reasonable inferences in favor of the non-

moving party. *James v. State Farm Mutual Ins. Co.*, 719 F.3d 447, 466 (5th Cir. 2013). Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). The Court does not "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Id.* To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence", that there exists a genuine issue of material fact. *Hamilton*, 232 F.3d at 477. "[M]ere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment." *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). "[T]he party opposing summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 858 (5th Cir. 2010).

     Because jurisdiction in this case is based upon diversity of citizenship, Mississippi substantive law applies. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). At issue is the narrow question of whether Food Giant had notice of the spill that allegedly caused Plaintiff to slip and fall, and whether Food Giant had a reasonable time to correct the dangerous condition, yet failed to do so. *See Karpinsky v. American Nat. Ins. Co.*, 109 So. 3d 84, 92 (Miss. 2013); *see also Haggard v. Wal-Mart Stores, Inc.*, 75 So. 3d. 1120, 1126-27 (Miss. Ct. App. 2011).

     There is no evidence, nor allegation, that Defendant's negligence caused the liquid substance to be on the floor. At her deposition, Plaintiff testified that she did not know how the liquid came to be on the floor and did not see anybody put it on the floor. Moreover, she conceded that she did not know how long the liquid had been on the floor before she fell. Ricky

Dunaway, the store manager on duty the day of the incident, stated that neither he nor any other store employee had knowledge of the foreign substance being on the floor prior to Plaintiff's fall. Dunaway also testified at his deposition that he had inspected the area where Plaintiff fell immediately prior to her fall and no water or foreign substance existed in the area.  He stated it was only after the incident that he saw some kind of liquid on the floor.

In response, Plaintiff points to her deposition testimony.  She stated that Terry Patrick was the store manager on the day of the incident (July 22, 2009).  She further stated that the manager "was coming past me, and when I got up there by that first cash register--last cash register on the end right there, I slipped and fell in water.  And he spoke and said, I told y'all to clean this water up.  This lady done fell."  Plaintiff does not identify any other summary judgment evidence related to the issue of Defendant's knowledge of the spill and/or whether Defendant had a reasonable time to remove the dangerous condition.

Plaintiff has demonstrated a genuine issue of material fact regarding Defendant's knowledge.  Specifically, Plaintiff indicated that immediately after her fall, the store manager said "I told y'all to clean this water up."  This statement indicates an awareness of the dangerous condition prior to Plaintiff's fall.  Moreover, a jury could infer from the store manager's statement that there had been an opportunity for the store employees to clean up the spill but they had failed to do so.  Although there is some question regarding the identity of the store manager who allegedly made the statement, i.e. Patrick or Dunaway, this issue can be explored at trial.

Defendant's reliance on *Karpinsky* and *Haggard* is misplaced.  In *Karpinsky* the only competent summary judgment evidence was an incident report that established at best only that defendants knew of the spill some time prior to the plaintiff's fall;  however, the plaintiff

3

presented no evidence that the defendants had a reasonable time to correct the dangerous condition.  *See Karpinsky*, 109 So. 3d at 92.  Likewise in *Haggard* there was no evidence of how long the dangerous condition existed prior to the plaintiff's fall.  *See Haggard*, 75 So. 3d at 1126-27.  In the instant case, the store manager's hearsay statement does not establish a precise quantitative measure of time;  however, a jury still could reasonably conclude from the store manager's statement that there had been a failed opportunity to clean up the spill prior to Plaintiff's fall.  A more precise measurement of time is required in cases based on constructive knowledge of the hazard.  *See Dickens v. Wal-Mart Stores, Inc.*, 841 F.Supp. 768, 771 (S.D. Miss. 1994); *see e.g. Haggard*, 75 So. 3d at 1126-27 (holding that plaintiff's constructive knowledge theory failed to set forth specific facts to establish a time frame for defendant's knowledge of the spill); *Jacox v. Circus Circus Mississippi, Inc.*, 908 So. 2d 181, 184 (Miss. Ct. App. 2005)(holding that to establish constructive knowledge "plaintiff must produce admissible evidence of the length of time that the hazard existed").  In the instant case, however, Plaintiff has demonstrated a genuine issue of material fact as to actual knowledge of the hazardous condition.

     IT IS THEREFORE ORDERED AND ADJUDGED that the [46] Motion for Summary Judgment is DENIED.  The Court will conduct a telephone conference to set a trial date.

     SO ORDERED, this the 4th day of December, 2013.

                                                    /s/ *Robert H. Walker*
                                                  ROBERT H. WALKER
                                                  UNITED STATES MAGISTRATE JUDGE